IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | CASE NO. 7:17-CR-34-HL |
| : | |
| FERELL WALKER, JR.   : | |
| : | |

**GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER
TO LIMIT DISCLOSURE OF DISCOVERY MATERIALS**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, and moves this Court to issue a protective order, pursuant to Federal Rule of Criminal Procedure 16(d), limiting the disclosure of discovery materials. The Government seeks this Protective Order in order to protect the victims' privacy and to avoid subjecting them to unnecessary physical and/or psychological harm.

**I.      Facts**

The indictment in the above captioned case involves Defendant who is charged with Possession of Child Pornography. The charges involve actual minor victims. Defendant Walker has made an initial appearance and has each been detained pending resolution of this case.

The Government has just received additional discovery containing sensitive and identifying information of minor victims portrayed in child pornography possessed by Defendant Walker.

**II.     Reasons for a Protective Order**

The Government is seeking a Protective Order for discovery in this case to protect the victims' privacy and to avoid subjecting the minor victims to unnecessary physical and/or psychological harm. Though the Government anticipates redacting personal identifiers of the

victims in this case in the discovery materials, the materials may nevertheless contain information which would cause substantial harm to the privacy and dignity of the victims were the materials to be released publicly. As noted above, there are numerous nude videos and photographs of the identified minor victims. In particular, release of the information could result in public identification of the minor victims and infliction of unnecessary embarrassment and humiliation.

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

Under the Crime Victims' Rights Act of 2004, a crime victim has "the right to be reasonably protected from the accused." 18 U.S.C. § 3771(a)(1). Crime victims, including victims of sex trafficking, also possess a statutory "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Courts are directed to "ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). Moreover, attorneys for the Government are empowered by statute to "assert the rights described in subsection (a)." 18 U.S.C. § 3771(d)(1).

Courts have met their obligations under these provisions by implementing procedures to protect the privacy and safety of victims. *See United States v. Avery*, 2010 WL 2425942 at *6 (E.D. Wis. 2010) (in a Section 1591 sex trafficking by force, fraud, and coercion case the court

granted a protective order that prevented the defendant from taking the discovery to his cell); *United States v. Vaughn*, 2008 WL 4615030 at *2-*3 (E.D. Ca. 2008) (in a Section 1591 sex trafficking of minors case the court entered a protective order limiting disclosure of certain victim information to attorneys' eyes only).

In this case, steps must be taken to protect the victims' privacy and safety. If no protective measures are taken, and the victims' identities or other personal and sensitive information about the victims is disclosed, the victims will likely be subject to inquiries and scrutiny from their families, friends, neighbors, present and future employers, and any other members of the community. Once disclosed and potentially posted on the internet, the victims' identities and their exploitation will be forever linked, subjecting them to unnecessary additional psychological harm for years to come.

### III.     Relief Requested in Protective Order

The Government does not seek to limit defense counsel's access to the materials, but rather seeks to ensure that appropriate protections are in place to preserve the integrity of the more sensitive aspects of this investigation. Given the nature and sensitivity of the information to be provided in discovery, as outlined above, the Government seeks the following relief, as more particularly described in the Proposed Order:

   a. That all material related to the NCMEC identified series of child pornography titled "Tara" and "CBGirl" be retained solely by the defense attorney. Such materials may be shown to the Defendant, but copies may not be left with the Defendant. These records include those that contain sensitive and identifying information of actual child victims.

The Government submits that the proposed relief requested will not hinder the preparation of Defendant's case, but will adequately protect the victims' privacy and safety.  To assist in the distinction between "investigatory reports" and "remaining discovery materials," the Government will place all investigatory reports on a disk and the remaining discovery materials on separately identified disks.

The Government has provided a copy of this Motion and the Proposed Order to counsel for Defendant Walker, and Defendant Walker's counsel, Nicole Williams, has advised she has no objection.

## IV.   Conclusion

The Government submits that good cause exists to grant this Motion because of the desire to protect sensitive information in the discovery materials.  Furthermore, the Government submits that the relief requested will not hinder any defendant's preparation of the defendant's defense.  Therefore, the Government respectfully requests that the Court grant this Motion and enter the Proposed Order attached hereto.

Respectfully submitted this 20th day of July, 2018.

                                                          CHARLES E. PEELER
                                                          UNITED STATES ATTORNEY

BY:   *s/ Julia C. Bowen*
        JULIA C. BOWEN
        Assistant United States Attorney
        Georgia Bar No. 046709
        United States Attorney's Office
        Middle District of Georgia
        P.O. Box 1702
        Macon, Georgia 31202
        Telephone: (478) 752-3511
        E-mail: Julia.c.bowen@usdoj.gov

## CERTIFICATE OF SERVICE

I, JULIA C. BOWEN, Assistant United States Attorney, hereby certify that I electronically filed the within and foregoing ***Motion for Protective Order*** by electronically filing said motion with the Clerk of the Court using the CM/ECF system.

This 20th day of July, 2018.

                                        CHARLES E. PEELER
                                        UNITED STATES ATTORNEY

BY:    *s/ Julia C. Bowen*
           JULIA C. BOWEN
           Assistant United States Attorney
           Georgia Bar No. 046709
           United States Attorney's Office
           Middle District of Georgia
           P.O. Box 1702
           Macon, Georgia 31202
           Telephone: (478) 752-3511
           E-mail: Julia.c.bowen@usdoj.gov