IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | |
| | : | **CASE NO:** |
| **FERRELL WALKER,** | : | **7:17-cr-34-WLS-TQL** |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Before the Court is Defendant's Motion for Return of Property Pursuant to Rule 41(g) ("Motion") (Doc. 111).[1] Therein, Defendant states that on September 17, 2017, his Social Security card was seized during a search of Defendant's residence. Defendant further states that in October 2023 he sent letters to United States Probation Officer Russell Brown in Albany, Georgia, and to the Chief United States Probation Officer for the Middle District of Georgia in Macon, Georgia requesting the return of his Social Security card and instructing that the card be sent to him in care of the Federal Bureau of Prisons, Unit Case Manager. Defendant contends that as of March 26, 2024, his Social Security card has not been returned.

In its response (Doc. 113), the Government contends that the Defendant's Social Security card was in fact returned to Defendant, stating:

> On September 20, 2017, certain items were seized and held as evidence by the [United States Probation Office ("USPO")] and the Federal Bureau of Investigation ("FBI") during the investigation of this case. An inquiry made to the FBI revealed that Walker's Social Security card was released to the USPO on February 1, 2024. A further inquiry made to the USPO confirmed that Walker's Social Security card was forwarded to Correctional Counselor Hutado, at FCI Miami, Post Office Box 779800, Miami, Florida 33177, via certified mail, tracking number: 7005 1820 0000 5909 6846, and was received on February 7, 2024. An inquiry made to FCI Miami revealed that Walker's Social Security card was indeed received by Correctional Counselor Hurtado on February 7, 2024. Counselor Hurtado further indicated that the Social Security card was physically

---

[1] The Court notes that on January 3, 2024, Defendant filed a Notice of Appeal (Doc. 99) in which he appeals the Court's Order (Doc. 97) adopting the Report and Recommendation (Doc. 92) denying Ferrell Walker's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 80).

shown to Defendant Walker, and Walker was informed that it will be turned over to him on the date of his departure from FCI Miami, as per policy.

(Doc. 133 at 6.)

First, the Court notes that on January 3, 2024, Defendant filed a Notice of Appeal (Doc. 99) in which he appeals the Court's Order (Doc. 97) adopting the Report and Recommendation (Doc. 92) denying Ferrell Walker's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 80).

> The filing of a proper notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the appellate court and divests the trial court of its control *over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982).

*In re Walker*, 515 F.3d 1204, 1211 (11th Cir. 2008) (emphasis added). *See also United States v. Reed*, 404 F. App'x 464, 465 (11th Cir. 2010) ("The general rule regarding divestiture of jurisdiction, however, does not apply to collateral matters not affecting the questions presented on appeal.") As noted, the order appealed here does not relate to Defendant's underlying criminal case, but rather to denial of his § 2255 motion. Therefore, the Court finds that it is not divested of jurisdiction to consider Defendant's pending Motion (Doc. 111). In doing so, based on the above representations made by the Government, the Court finds that the Motion is moot.

Accordingly, Defendant's Motion for Return of Property Pursuant to Rule 41(g) (Doc. 111) is **DENIED as MOOT**.

**SO ORDERED**, this 23rd day of April 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2