IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | **CASE NO:** |
| : | **7:17-cr-34–WLS-ALS** |
| **FERRELL WALKER,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

**ORDER**

Before the Court is the Defendant's Motion to Reopen Judgment Due to Procedural Omission under *Clisby v. Jones* Pursuant to Federal Rule of Civil Procedure 60(b)(1) (Doc. 134) filed December 10, 2025, as amended by Defendant's motion for addendum (Doc. 135) (together the "Motion to Reopen") filed January 12, 2026. Therein, Defendant asserts the Court should reopen its Order (Doc. 97) entered December 1, 2023, adopting the Order and Recommendation (Doc. 92) ("Recommendation") of United States Magistrate Judge Thomas Q. Langstaff denying the Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 80). The basis for Defendant's Motion to Reopen is that neither the December 1, 2023 Order nor the Recommendation specifically adjudicated Defendant's ineffective assistance of counsel claim that "trial counsel was Constitutionally deficient for failing to file a motion to suppress the warrantless independent forensic search of Walker's cellphone by Special Agent (SA) Matthew Wagner of the Federal Bureau of Investigations (FBI)." (Doc. 134 at 1). Walker does not challenge the lawful search of his residence and cellphone by the United States Probation Office pursuant to a valid Fourth Amendment waiver. (*Id.* at 2). He argues, however, that Agent Wagner needed his own warrant before he conducted a forensic search of Defendant's cellphone.

To date, the Government has not responded to the Motion to Reopen.

**I.   BACKGROUND**

On July 31, 2018, Defendant was convicted by a jury as to Count One of the one-count Indictment, Possession of Child Pornography. (Docs. 1, 34). On December 4, 2018,

1

Defendant was sentenced to a term of 168 months imprisonment to be followed by supervised release for a term of life. (Doc. 46). Defendant appealed his conviction and sentence to the Eleventh Circuit, Case No. 18-15283, the Eleventh Circuit affirmed Defendant's conviction and sentencing in this case,[1] and the Supreme Court denied his petition for certiorari. (*See* Docs. 46, 48, 68, 71).

Significantly, Defendant also appealed the Court's Order (Doc. 97) adopting the Recommendation which he now requests the Court reopen. (*See* Eleventh Circuit, Appeals Case No. 24-10077). With respect to that appeal, the Eleventh Circuit denied Defendant's motion for a certificate of appealability, as well as his motion for reconsideration. (Docs. 97, 99, 124, 127). Again, the Supreme Court denied Defendant's petition for certiorari.

Finally, Defendant filed a Notice of Appeal in the Eleventh Circuit, Case No. 24-11497, regarding this Court's denial of Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) (Amendment 821). (*See* Docs. 109, 121). This appeal is still pending before the Eleventh Circuit, and on September 29, 2025, counsel was appointed to represent Defendant in that appeal. (Docs. 130, 132).

## II.   THE COURT'S JURISDICTION AND DEFENDANT'S MOTION TO REOPEN

With respect to a district court's jurisdiction of a case pending appeal, the Eleventh Circuit has stated:

> The filing of a proper notice of appeal is an event of jurisdictional significance— it confers jurisdiction on the appellate court and divests the trial court of its control over *those aspects of the case involved in the appeal. Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982).

*Walden v. Walker* (*In re Walker*), 515 F.3d 1204, 1211 (11th Cir. 2008) (emphasis added). "However, the district court may retain jurisdiction to consider motions that are collateral to the matters on appeal." *Palmyra Park Hosp., Inc. v. Phoebe Putney Mem'l Hosp., Inc.*, 688 F. Supp. 2d 1356, 1358 (M.D. Ga. 2010) (Sands, J.) (citing *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003)).

---

[1] This appeal also involved Defendant's appeal of his sentence imposed in a separate case involving the revocation of his supervised release, Case No. 7:07-cr-30, in the same appeal which was vacated and remanded. (Doc. 68 at 14).

2

The Court finds that it lacks jurisdiction to consider Defendant's pending Motion to Reopen because therein Defendant requests that the Court reopen his motion to vacate the sentencing Judgment. Consideration of the Motion to Reopen involves aspects of this case that are involved in Defendant's pending appeal; *i.e.*, the motion for sentence reduction relates to the same Judgment.

Accordingly, Defendant's Motion to Reopen (Docs. 134, 135) is **DISMISSED WITHOUT PREJUDICE.** Further, the Court has found that it may not entertain Defendant's Motion to Reopen at this time for the reason stated; and thus, Defendant has not made the necessary showing[2] and his request for a Certificate of Appealability included in the Addendum (Doc. 135) is **DENIED**.

**SO ORDERED**, this 14th day of January 2026.

　　　　　　　　　　　　　　　　　　/s/W. Louis Sands
　　　　　　　　　　　　　　　　　　**W. LOUIS SANDS, SR. JUDGE**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**

---

[2] A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, the applicant must show that reasonable jurists would find it debatable (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).